[Cite as *State v. Martin*, 2018-Ohio-1023.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-A-0051** |
| EDSON W. MARTIN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court, Eastern District, Case No. 2016 TRD 01301 E.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, *Shelley M. Pratt*, Assistant Prosecutor, and *Gene C. Barrett*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Edson W. Martin*, pro se, 7788 State Route 7, Williamsfield, OH 44093 (Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Edson W. Martin, appeals his convictions for failing to stop at a stop sign, driving without a license, and use of unauthorized plates, all misdemeanors. He asserts that the state failed to present sufficient evidence establishing that the trial court had jurisdiction. We affirm.

{¶2} At approximately 1:30 p.m. on September 11, 2016, Trooper Erik Souders, Ohio State Highway Patrol, was observing traffic from a stationary vehicle near an exit

ramp from State Route 11, located in Wayne Township, Ashtabula County, Ohio. Trooper Souders saw appellant operating a black Mitsubishi on the exit ramp before turning right onto State Route 322, during which he "rolled" through a posted stop sign while traveling 10 m.p.h.

{¶3}   After stopping appellant, Trooper Souders ran a computer search on his Tennessee license plates, discovering that the plates were issued to a 1996 Toyota. The trooper further found that appellant did not have a valid driver's license. As a result, the trooper issued separate citations for failing to stop, driving without a license, and fictitious plates.

{¶4}   After pleading not guilty at his initial appearance, appellant moved for dismissal on the basis of lack of jurisdiction, arguing that the state would be unable to prove that the laws of Ohio apply to him. In a separate filing, he moved to dismiss on the grounds of prosecutorial misconduct, contending the state failed to reveal the "fact" that it could not produce any witness qualified to testify that the traffic laws are enforceable against him. The state opposed, and the motions were overruled. The trial court concluded that it had jurisdiction and that appellant's arguments made "no sense."

{¶5}   At the bench trial on July 11, 2017, the state's sole witness was Trooper Souders. On cross-examination, appellant asked the trooper to specify what facts he had considered to support his conclusion that Ohio's constitutional/traffic laws apply to him. The trial court found the question improper and did not permit a response. When appellant twice tried to re-phrase the question, the court sustained the state's objections.

{¶6}   At the conclusion of the evidence, the trial court found appellant guilty of all charges. After giving appellant the opportunity to make a statement regarding sentence, the court imposed a thirty-day jail term on the fictitious plate offense, with half of the term

2

suspended and placed him on supervised community control for one year. A $100 fine was also imposed on each of the three offenses.

{¶7} Appellant timely appeals, raising one assignment of error:

{¶8} "A fair trial was denied as the trial judge assisted the prosecution by refusing to hold them to their burden of proof. From the start [the trial judge] assumed the prosecution's burden, refused to presumed innocence, held prosecution arguments as irrefutable, denied me effective cross-examination and allowed a prosecution witness to testify knowing the witness lacked personal knowledge. The prosecution did not come close to proving their claim against me beyond a reasonable doubt."

{¶9} Although appellant argues three distinct issues, disposition turns on the premise that his mere presence within the state of Ohio and Ashtabula County is not sufficient to establish jurisdiction. He contends the prosecution was required to prove additional facts not within Trooper Souders's personal knowledge to establish jurisdiction and that the laws are applicable. However, in making this argument at the trial level and now, appellant has not stated what additional facts must be shown.

{¶10} R.C. 2901.11 governs the exercise of criminal law jurisdiction within Ohio. Division (A)(1) of that statute provides:

{¶11} "(A) A person is subject to criminal prosecution and punishment in this state if any of the following occur:

{¶12} "(1) The person commits an offense under the laws of this state, any element of which takes place in this state."

{¶13} As used in the Revised Code, the term "person" includes an "individual." R.C. 1.59(C). Therefore, Ohio "criminal statutes apply to all individuals, regardless of citizenship or nonresident alien status." *State v. Blacker*, 12th Dist. Warren No. CA2008-

3

07-094, 2009-Ohio-5519, ¶9.

{¶14} The commission of one element of a crime within the territorial limits of the state is sufficient to subject the offender to prosecution in the appropriate Ohio court. R.C. 2901.11(A)(1). Thus, Trooper Souders's testimony that the violations occurred in Ashtabula County, Ohio, is sufficient to establish that the traffic laws applied as well as jurisdiction.

{¶15} Furthermore, the Ashtabula County Court was the appropriate court. An Ohio county court has jurisdiction over all criminal misdemeanor cases. R.C. 1907.02(A)(1). In addition, Trooper Souders testified that appellant's traffic offenses occurred within a township, not a municipality; therefore, the crimes took place within the county court's territorial jurisdiction. R.C. 1907.01. Last, because Trooper Souders served appellant with all three citations and summons, the trial court had personal jurisdiction. *See State v. Gunnell*, 10th Dist. Franklin No. 13AP-90, 2013-Ohio-3928, ¶10.

{¶16} Each of appellant's asserted errors are without merit. First, Trooper Souders had personal knowledge of all facts required to establish the trial court's jurisdiction and that the laws of the state applied. Second, the trial court did not improperly limit the scope of appellant's cross-examination, as appellant committed the traffic offenses within a township in Ashtabula County, Ohio. Third, the state did not engage in misconduct in relying solely upon the trooper's testimony to convict.

{¶17} The judgment of the Ashtabula Municipal Court, Eastern District, is affirmed.


CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.

4